IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ILYOSDZHON BAKIEV,**<br>        *Petitioner*,<br><br>     v.<br><br>**JAMAL L. JAMISON,** Warden of<br>Philadelphia Federal Detention Center;<br>**JOHN RIFE,** Acting Field Office Director of<br>Enforcement and Removal Operations,<br>Philadelphia Field Office, Immigration and<br>Customs Enforcement,<br>        *Respondents*. | **Civ. No. 26-3149** |

**MEMORANDUM**

**Costello, J.**                                                                                          **July 10, 2026**

Petitioner Ilyosdzhon Bakiev ("Bakiev") is a citizen of Tajikistan who entered the United States in July 2023. On May 7, 2026, Bakiev was arrested for theft-related offenses. On that same date, Immigration and Customs Enforcement ("ICE") detained Bakiev under the Laken Riley Act (the "LRA"), codified at 8 U.S.C. § 1226(c)(1)(E), and under § 1225(b)(2)(A), both provisions of the Immigration and Nationality Act ("INA") which generally do not permit release on bond. While detained at the Federal Detention Center in Philadelphia, Pennsylvania (the "FDC"), Bakiev filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his mandatory detention without a bond hearing violates his Fifth Amendment Due Process rights. The Government opposed the Petition. The Court finds that Bakiev's mandatory detention without any review or opportunity for a bond hearing violates due process. Accordingly, the Court will grant the Petition in part and order that Bakiev be provided with a prompt, individualized bond hearing.

## I.      FACTUAL BACKGROUND[1]

Bakiev entered the United States in July 2023.  ECF No. 4 at 2.  Immigration authorities did not detain him at that point, opting instead to parole him into the United States.  ECF No. 1 ¶ 3.  When he was paroled into the United States, Bakiev was concurrently served with a Notice to Appear ("NTA"), charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for lacking valid documentation.  ECF No. 4 at 3.  Bakiev subsequently filed an application for asylum and attended his required ICE check-ins.  ECF No. 1 ¶ 5.  Bakiev's next hearing before the Immigration Court is scheduled for April 29, 2027.  ECF No. 4-1 at 2.

On May 7, 2026, Bakiev was arrested by state authorities for entering an unauthorized area and allegedly stealing over $30,000 worth of coaxial cables belonging to Verizon and T-Mobile.  ECF No. 4-3 at 6-7, 11.  Bakiev was charged with multiple theft-related offenses, including two counts each of conspiracy to commit theft of secondary metal, conspiracy to commit theft by unlawful taking of moveable property, theft by deception, and receiving stolen property.[2]  ECF No. 4-4 at 2.  On the same day he was arrested, ICE detained Bakiev under 8 U.S.C. § 1226(c)(1)(E) and § 1225(b)(2)(A).  ECF No. 4 at 4.  At the time he filed this petition, Bakiev was detained at the FDC.  ECF No. 1 ¶ 1.

---

[1]     The Government does not dispute the facts in this case.  The Court will therefore decide this matter on the pleadings and without a hearing.

[2]     Bakiev was also charged with one count of possession of an instrument of a crime, one count of disturbance of game or wildlife, one count of criminal trespass, and two counts each of conspiracy to criminally use a communication facility, conspiracy to commit criminal mischief, criminal attempt to commit theft by unlawful taking of movable property, criminal attempt to commit theft by deception, and criminal attempt to receive stolen property.  ECF No. 4-4 at 2.

## II.    LEGAL STANDARD

A writ of habeas corpus is available "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes a noncitizen's challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation and quotations omitted)).

## III.    DISCUSSION

Section 1226(c) of the INA is a mandatory detention statute. It requires immigration authorities to detain certain noncitizens. The LRA expanded § 1226(c) to apply to noncitizens who are inadmissible under specific INA provisions and who have been charged with, arrested for, convicted of, or admitted to specific crimes, including theft or larceny. 8 U.S.C. § 1226(c)(1)(E)(ii). Pursuant to the NTA, Bakiev is inadmissible under § 1182(a)(7). In addition, Bakiev is subject to an active arrest warrant for theft-related crimes. Accordingly, the LRA applies and Bakiev's detention is mandatory.

Bakiev does not dispute that the LRA applies to his circumstances. Instead, he argues that notwithstanding the LRA, his mandatory detention based on unresolved criminal accusations

without a conviction or individualized determination of dangerousness or risk of flight violates

his due process rights.[3]  ECF No. 1 ¶¶ 4-53.  On this specific record, the Court agrees.

Because this is both a procedural and substantive due process challenge, the Court applies

the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  *Nosirov v. Rife*,

26cv1534, 2026 WL 916602, at *7 (E.D. Pa. April 1, 2026).  The Government relies on *Demore*

*v. Kim* to argue that the Court should not engage in a *Mathews* analysis.  *Demore v. Kim*, 538

U.S. 510 (2003).  However, multiple district courts have rejected the Government's reliance on

*Demore* in this context.  *See*, *e.g.*, *Nosirov*, 2026 WL 916602, at *6; *Peralta-Malla v. Mullin*,

26cv2903, 2026 WL 1346325, at *4 (S.D.N.Y. May 14, 2026).

In *Demore*, the United States Supreme Court held that "Congress, justifiably concerned

that deportable criminal aliens who are not detained continue to engage in crime and fail to

appear for their removal hearings in large numbers, may require that [such] persons . . . be

detained for the brief period necessary for their removal proceedings." *Demore*, 538 U.S. at 513.

The holding in *Demore* was based on the reasoning that "detention attached to a class of

noncitizens whose criminal culpability had already been established through ordinary criminal

process." *Nosirov*, 2026 WL 916602, at *6 (citing *Demore*, 538 U.S. at 518-21, 529-30).  In

addition, the Court in *Demore* understood that the respondent's detention would be relatively

brief.  *Demore*, 538 U.S. at 529 (noting that the "Executive Office for Immigration Review has

calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal

proceedings are completed in an average time of 47 days and a median of 30 days" and that in

---

[3]     Bakiev's Petition also asserts a due process claim regarding the notice of his parole revocation, a violation of the *Accardi* doctrine, and that his continued detention violates regulations interpreting the INA and the Administrative Procedure Act (the "APA").  *See generally* ECF No. 1.  Because this Court concludes that Bakiev is entitled to relief on his due process challenge to his detention, it declines to reach these arguments.

"the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months, with a median time that is slightly shorter.").

Thus, *Demore* did not address the situation presented here, namely, the mandatory detention—for an indeterminate time—of a noncitizen who has been criminally charged but not convicted. As a result, this Court, following numerous district courts faced with similar LRA challenges, will apply the *Mathews* analysis to this case. *See*, *e.g.*, *Nosirov*, 2026 WL 916602, at *3; *Peralta-Malla*, 2026 WL 1346325, at *5-6; *C.R.R. v. Bondi*, 25cv1282, 2026 WL 752462, at *8 (D. Minn. March 17, 2026)*; Doe v. Moniz*, 800 F. Supp. 3d 203, 216 (D. Mass. 2025).

Under *Mathews*, the Court weighs: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

Each *Mathews* factor supports Bakiev's arguments. First, he has a strong liberty interest in being free from mandatory detention. Second, Bakiev's detention poses a high risk of erroneously depriving him of his rights because he has not been afforded the opportunity for a neutral decisionmaker to determine whether he poses a flight risk or danger to the community. Third, a bond hearing poses a minimal administrative burden to the Government, and that minimal burden is outweighed by Bakiev's strong liberty interest and right to be heard.

The Government nevertheless contends that there is no risk of erroneous deprivation here because Bakiev may eventually challenge his classification in immigration court or later seek a bond hearing once the duration of his detention becomes unreasonable under *German Santos v.*

*Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020).  But this argument misses the mark.  Waiting for an immigration hearing forces Bakiev to endure over nine months of mandatory detention before his earliest opportunity to be heard.  Relying on a future *German Santos* claim is equally insufficient, as it requires him to remain detained for at least several months before he has a chance to successfully argue that the duration of his detention has become unreasonable.  Forcing an individual who has not been convicted of any crime to undergo months of detention before having an opportunity to challenge his classification or possibly obtain a bond hearing risks an erroneous deprivation of his rights.

IV.      **CONCLUSION**

Bakiev is being detained under the LRA based on an unproven accusation of theft.  His mandatory detention based on these unresolved charges without a prompt opportunity for an individualized bond determination offends due process.  Accordingly, the Court will grant his Petition in part and order a bond hearing.

An appropriate Order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO
United States District Judge

6